UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIEL ISTRE                                                                CIVIL ACTION

VERSUS                                                                      NO. 11-1418

MAIN IRON WORKS, L.L.C.                                                     SECTION "N" (3)

ORDER

On March 14, 2012, Plaintiff's Motion to Compel Re-Enactment, Expert Fees and Expenses or Motion in Limine to Strike Evidence of Defendant's Re-Enactment [Doc. #17] came on for oral hearing before the undersigned. Present were Jodi Aamodt on behalf of plaintiff and Thomas Rayer on behalf of defendant. After the oral hearing, the Court took the motion under advisement and ordered the parties to produce their expert reports to the Court. The parties have done so. Having reviewed all of the documents and the case law, the Court rules as follows.

I.      Background

The complaint alleges as follows. This lawsuit arises out of an accident that occurred on November 19, 2010, while plaintiff, Daniel Istre, was in the course and scope of his employment as a truck driver with Powell Transportation. Istre was in the yard of defendant, Main Iron Works L.L.C. ("Main"), delivering a shipment of six very large round steel bars (shafts) that weighed approximately six-thousand pounds each. Wooden four-by-fours were affixed to the bed of the

trailer of the 18-wheeler that Istre was driving, and the shafts rested on top of these four-by-fours. A forklift offloaded the shafts at Main's yard. Main owns the forklift, and one of its employees, Bert Prosperie, operated it. To aid in the offloading, Istre used a pry bar to move the shafts closer to the edge of the trailer so that the forklift could remove them one at a time.

This accident allegedly occurred when the forklift driver picked up one of the shafts (the fifth) too early and before Istre had moved out of the way. The forks of the forklift caused the shaft to roll back onto Istre with significant force and speed, ultimately crushing Istre's leg. The only two witnesses to the accident are Istre and Prosperie. Main ultimately disputes Istre's version of events and contends that Istre was moving the shaft with his foot when the accident occurred, and it was Istre – not the forklift – that caused the shaft to roll back onto Istre's leg.

## II.     The Parties' Contentions

### A.     Plaintiff's Motion to Compel Re-Enactment, Expert Fees and Expenses or Motion in Limine to Strike Evidence of Defendant's Re-Enactment

Istre notes that he retained expert Edward Beard, who testified that the forklift should not have offloaded the shafts because they could easily roll backward and forward down the forks. Beard recommended further testing of the exemplar shafts on the wooden four-by-fours to determine if a person's foot can roll them.

At the deposition of Douglas Molaison, the owner/employee of Main, Molaison testified that Main had performed a re-enactment of the accident. Molaison stated that, after the re-enactment with the measurements that Istre had provided at his deposition, Main determined that the accident could not have happened as Istre recounts it. When the parties convened at Main's yard, Istre had the opportunity to inspect the forklift and the similarly-sized shafts placed on wooden four-by-fours. Main did not allow them to see a re-enactment.

2

Citing Federal Rule of Civil Procedure 34, Istre argues that he has a right to enter designated land or other property to inspect that property. Istre asks the Court to order Main to replicate the re-enactment with Istre and his expert present and "to observe the photographs." Istre argues that he will be prejudiced if Main is allowed to introduce evidence of the re-enactment, and he is not. Istre also asks for costs that he will incur to bring Beard back to New Orleans from Arkansas for the re-enactment given that Beard was present at the initial inspection, and no costs would have been incurred had Main agreed to the re-enactment at that time. In the alternative, Istre asks the Court to strike the evidence of the re-enactment.

**B.     Main's Opposition**

Main contends that it satisfied its obligations under Rule 34 when it allowed Istre and his expert to inspect the property. Main argues that Rule 34 does not require it to conduct demonstrations in his presence or be precluded from introducing evidence of such demonstrations. Citing case law, Main asserts that it is entitled to perform whatever tests that is wishes to, and Istre can not compel it to perform the same test nor use Main's refusal to do so as an evidentiary sanction.

Main notes that Istre asked Molaison the assumptions and measurements used in the demonstration, and Main asserts that it will respond to Istre's discovery requests addressing the demonstration.

**C.     Main's Supplemental Opposition**

After the oral hearing, Main filed a supplemental opposition to first clarify that Istre not only seeks to use its yard for the re-enactment but also its equipment, personnel and third-party property. Noting that the demonstration was based on Istre's testimony at his deposition, Main also contends that the demonstration was only to show counsel for Main that even if everything Istre testified to

at his deposition was accurate, the accident would still not have occurred.  Having received Istre's supplemental expert report, Main notes that nowhere in the report does Beard state that he needs to see a re-enactment.

Main further argues that a videotaped re-enactment would prejudice it because Main would be re-creating conditions that it avers never existed at the time of the accident.  Main notes that it is not its burden to prove – or disprove – Istre's case.

### III.    Law and Analysis

The Court finds that the law is clear on this issue:  A party can not compel another party to conduct any test that that party has devised.  *See, e.g., Sperberg v. Firestone Tire & Rubber Co.*, 61 F.R.D. 80, 83 (N.D. Ohio 1973) ("each party is free to prepare and perform tests in the manner he deems best, but he cannot compel another party to perform the same tests");  *In re Air Crash Disaster at Sioux City, Iowa*, No. 89 C 8082, 1991 WL 147365, *2 (N.D. Ill. July 26, 1991) ("[N]othing in the Federal Rules of Civil Procedure expressly requires United to make available its own DC 10–10 aircraft and flight crew so that plaintiffs may direct United's flight crew to re-enact the experience of flight 232."); *see also* Fed. Proc., Lawyers Ed., § 26:661 ("Each party is generally free to prepare and perform tests in the manner the party deems best, but a party can not compel another party to perform the same tests or have the other party conduct the tests that the first party has devised.  Each party, through discovery, can also demand a detailed description of the testing procedures employed by the other to determine whether the test results can be discredited or distinguished.").  Istre cites no law to the contrary and fails to cite any law to support his position.  While Istre attempts to distinguish the case law on which Main relies, the courts are still in agreement that one party can not force another party to perform a test that it has created.

Having reviewed the expert reports submitted post-hearing, the Court also finds that there is no mention of the video re-enactment in Main's expert report.  And Main is correct that Beard's report makes no mention of any need for a re-enactment to arrive at his conclusion that supports Istre's case.  The Court can find no prejudice to Istre because Main performed a demonstration for its counsel in an attempt to inform counsel of the basis for Istre's claim.  The expert reports and accompanying photographs adequately explain each side's position, and the Court can not find prejudice for a re-enactment mentioned only at a deposition but not in either party's expert reports.[1]

## IV.  Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel Re-Enactment, Expert Fees and Expenses or Motion in Limine to Strike Evidence of Defendant's Re-Enactment [Doc. #17] is DENIED.

New Orleans, Louisiana, this 3rd day of April, 2012.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Whether evidence of the re-enactment is admissible at trial is for the District Court – and not this Court – to decide.